JUDGE CEDARBAUM          07 CV 11166

5264COMPLAINT/5264KLSESERVER

KENNEDY LILLIS SCHMIDT & ENGLISH
Craig S. English (CE9890)
75 Maiden Lane, Suite 402
New York, New York  10038-4816
Telephone:  212-430-0800
Telecopier:  212-430-0810
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NATIONAL OILWELL, LP, USA, and PRODUCTION ASSOCIATION BELORUSNEFT,  )<br>)<br>Plaintiffs,  )<br>)<br>- v. -  )<br>)<br>M/V ATLANTIC PROJECT, her engines, boilers, etc., _in rem_  )<br>)<br>-and against -  )<br>)<br>LUMAR (ODESSA) S.A. and MARLINK SHIPPING COMPANY LTD., _in personam_  )<br>)<br>Defendants.  ) | Civ. 07 ( )<br><br>COMPLAINT |

Plaintiffs by their attorneys, Kennedy Lillis Schmidt & English, allege upon information and belief, as follows:

1

FIRST: All and singular the following premises are true and constitute an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

SECOND: At and during all the times hereinafter mentioned plaintiffs had and now have the legal status and principal offices and places of business stated in Schedules A, hereto annexed and by this reference made a part hereof.

THIRD: At and during all the time hereinafter mentioned defendants had and now have the legal status and offices and places of business stated in Schedule A, and were and now are engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or otherwise controlled the vessel above named as common carriers of merchandise by water for hire.

FOURTH: At and during all the times hereinafter mentioned, the said vessel was and now is a general ship employed in the common carriage of merchandise by water for hire, and now is or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

FIFTH: On or about the date and at the port of shipment stated in Schedules A. there was shipped by the shippers therein

named and delivered to defendant and the said vessel, as common carriers, the shipment described in Schedule A then being in good order and condition, and defendants and the said vessel then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the ports of destination stated in Schedule A, and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignee in Schedule A.

SIXTH: Thereafter, the said vessel arrived at the port of destination, where it and defendants failed to make delivery of the shipment in the same good order and condition described in Schedule A, all in violation of defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

SEVENTH: Plaintiffs are the shippers, consignees or owners of the shipment described in Schedule A and bring this action on their own behalf and as agents or trustees on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiffs are entitled to maintain this action.

EIGHTH: By reason of the premises, plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of $6,952,930.00.

WHEREFORE, plaintiffs pray:

1. That process in due form of law issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2. That if defendants cannot be found within this District, then all their property within this District as shall be described in Schedule A, be attached in the sum of $$6,952,930.00, with interest thereon and costs, the sum sued for in this complaint;

3. That judgment be entered in favor of plaintiffs against defendants for the amount of plaintiffs' damages, together with interest and costs and the disbursements of this action;

4. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, issue against said vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court pronounce judgment in favor of plain-

tiffs for their damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and

     5.   That this Court grant to plaintiffs such other and further relief as may be just and proper.

Dated:   New York, New York     KENNEDY LILLIS SCHMIDT & ENGLISH
          December 11, 2007       Attorneys for Plaintiffs

                                           By: _____
                                               Craig S. English (CE9890)
                                               75 Maiden Lane, Suite 402
                                               New York, New York  10038-4816
                                               Telephone:  212-430-0800

SCHEDULE A

PLAINTIFF'S LEGAL STATUS

Plaintiff, National Oilwell, LP, USA, is a corporation or other business entity organized and existing under, and by virtue of, the laws of one of the states of the United States with an office for the transaction of business at 10000 Richmond Avenue, Houston, Texas 77042.

PLAINTIFF'S LEGAL STATUS

Plaintiff, Production Association Belorusneft, is a corporation or other business entity organized and existing under, and by virtue of, the laws of a foreign country with an office for the transaction of business at 9, Rogachevskaya St., Gomel 246003, Republic of Belarus.

DEFENDANT'S LEGAL STATUS

Defendant, Lumar (Odessa) S.A. is a corporation or other business entity organized and existing under, and by virtue of, the laws of a foreign country, with an office for the transaction of business at Office 4, 6/5, Mukachevskiy Line, 65012 Ocessa, Ukraine.

DEFENDANT'S LEGAL STATUS

1

Defendant, Marlink Shipping Company Ltd., is a corporation or other business entity organized and existing under, and by virtue of, the laws of a foreign country, with an office for doing business at Arch. Makariou 3 284, 'Fortuna Court', Block B, 2nd floor, P.C. 3105, Limassol, Cyprus.

DEFENDANT'S LEGAL STATUS

Defendant, M/V Atlantic Project, was the carrying vessel of the cargo set forth in, and pursuant to, a contract of carriage as described below; at all relevant times, the said vessel was and is owned by Marlink Shipping Company Ltd. and/or Lumar (Odessa) S.A.

PARTICULARS OF CLAIM

| | |
|---|---|
| Vessels: | M/V Atlantic Project |
| Voyage: | R6-39 |
| Port of Loading: | Houston, Texas |
| Port of Discharge: | St. Petersburg, Russia |
| Bill of Lading: | HUSP39060034 |
| Issue Date of Bill of Lading: | November 2, 2006 |
| Shipper: | National Oilwell LP, USA |
| Consignee: | Production Association Belorusneft |
| Notify Party: | ZAO "NTD-Service" |
| Cargo: | Workover Rigs |
| Nature of Loss: | Damage |
| Amount of Loss: | US$6,952,930.00 |

Kennedy Lillis Schmidt & English Reference:  5264